UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Raymond Damon Smith,                               Civil No. 03-6551 (DWF/RLE)

        Plaintiff,

v.                                                 **ORDER AND MEMORANDUM**

U.S. Department of Justice; The Drug
Enforcement Administration; John Does,
sued as Does 2-99; Joseph Walbran;
Thomas Heffelfinger, U.S. Attorney;
and John Ashcroft,

        Defendants.

---

Raymond Damon Smith, *Pro Se*, Plaintiff.

Patricia R. Cangemi, Assistant United States Attorney, United States Attorney's Office, counsel for Defendants.

---

## INTRODUCTION

This matter is before the Court pursuant to the Order of Remand by the Eighth Circuit Court of Appeals filed on March 28, 2007. This matter last came before the Court upon Plaintiff's objections to Chief Magistrate Judge Raymond L. Erickson's Report and Recommendation dated January 24, 2005, recommending that Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment be granted in part, and that the Plaintiff's case be dismissed without prejudice. On March 3, 2005, the Court dismissed Plaintiff's case without prejudice.

## BACKGROUND

In the Plaintiff's objections to Chief Magistrate Judge Erickson's Report and Recommendation, Plaintiff requested that his case be transferred to the United States District Court - Central District of California. Plaintiff asserted that his permanent residence would be in Los Angeles, California, when released from custody and asserted a residence of 4233 South Denker Avenue, Los Angeles, California 90062, with a secondary residence listed as 12316 South Halldale Avenue, Los Angeles, California 90047. The Court is unaware of what Plaintiff means by referring to a secondary residence; however, irrespective of what the term "secondary residence" means, the Court's decision is the same.

Rather than move the Court for reconsideration of its decision filed on March 3, 2005, or file an action in the Central District of California, Plaintiff appealed to the Eighth Circuit Court of Appeals, challenging this Court's decision to dismiss the case without prejudice rather than transfer the case directly to the United States District Court - Central District of California. As noted above, the Eight Circuit has remanded the matter to the undersigned to determine whether transfer to the United States District Court - Central District of California is warranted, given the information in the record.

Mr. Smith remains incarcerated at the Federal Correctional Institution in Victorville, California, which is located within the geographical boundaries of the Central District of California. It is the position of the United States Department of Justice, in

light of the remand by the Eighth Circuit, that they have no objection to a transfer to the United States District Court - Central District of California.

Based upon the presentations of the parties, the Court having reviewed the remand by the Eighth Circuit Court of Appeals, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Plaintiff's request that his Complaint be transferred to the United States District Court - Central District of California is **GRANTED**.

2. The Court respectfully directs that the Clerk of Court for the United States District Court - District of Minnesota transfer the file in the above-entitled matter to the United States District Court - Central District of California.

Dated: April 16, 2007        s/Donovan W. Frank
                             DONOVAN W. FRANK
                             Judge of United States District Court

## MEMORANDUM

At the time of the Court's order in 2005, the Plaintiff was a citizen of California and he was incarcerated at FCI - Victorville, which is located within the Central District of California. However, that District, as noted by Magistrate Judge Erickson, adheres to the rule that a person does not become a resident of a district by way of incarceration. *Hawkins v. Davis*, No. CV 00-01077, 2000 WL 33936254, at *3 (C.D. Cal. Aug. 10, 2000) ("[A] prisoner's residence is in the place where he was domiciled prior to his incarceration.") (citing *Cohen v. United States*, 297 F.2d 760, 774 (9th Cir. 1962)). As

such, the Court was left in a quandary as to whether the Plaintiff had resided within the Central District prior to his transfer to FCI - Victorville. Admittedly, at paragraph 3 of the Plaintiff's pro se Complaint, which was filed in December 2003, the Defendant asserted that he was a citizen of the State of California even though he did not state a residence or indicate whether he had been residing in California prior to his incarceration.

However, in light of the remand order of the Eighth Circuit and the position of the United States that it does not object to transfer to the Central District of California, the Court concludes that the appropriate venue for Plaintiff's case is the Central District of California and orders transfer accordingly.

D.W.F.